**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHITSAMY SENESOUCK,  Petitioner  v.  UNITED STATES OF AMERICA,  Respondent. | NO. 3:02-CR-0103  (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Petitioner Phitsamy Senesouck's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 90.)  For the reasons stated below, Petitioner's petition will be dismissed. A certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) will not be issued.

## BACKGROUND

Petitioner is a legal resident alien.  On April 30, 2002, a federal grand jury returned an indictment charging Petitioner with two (2) counts alleging that he distributed cocaine in violation of 21 U.S.C. § 841(a)(1).  On May 30, 2002, Petitioner was arraigned before United States Magistrate Judge Thomas M. Blewitt and entered a plea of not guilty. Following his arraignment, on April 1, 2003, Petitioner pled guilty to the indictment, admitting that he distributed cocaine on November 27, 2001 and January 24, 2002.

A pre-sentence report was completed by the United States Probation Office. Therein, Petitioner was found responsible for distributing between four hundred grams (400g) and five hundred grams (500g) of cocaine in relation to the instant offenses, and that he had at least two (2) prior felony drug convictions.  Specifically, Petitioner had

been convicted of possession of cocaine with intent to deliver in 1993 and then again in 1996.  The pre-sentence report concluded that Petitioner qualified as a "career offender" under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1.  Petitioner was assigned an aggregate offense level of twenty-nine (29), and a criminal history category of VI.  This resulted in a guideline range of one hundred fifty-one (151) to one hundred eighty-eight (188) months in prison.

On July 7, 2003, Petitioner filed a motion for a downward departure from the guidelines pursuant to U.S.S.G. §§ 4A1.3 and 5K2.0.  Petitioner claimed that he was entitled to a downward departure because his criminal history category VI "significantly over-represent[ed] the seriousness of his prior criminal record," and because of "the challenge of assimilation into a new culture."  Petitioner also asserted that he was entitled to a downward departure because, as a deportable alien, his actual sentence would be lengthened because of the inevitable incarceration that results from awaiting deportation.

On January 15, 2004, the Court conducted Petitioner's sentencing hearing. At the hearing, Petitioner formally withdrew his motion based on assimilation grounds.  The Court, in its discretion, denied Petitioner's remaining motions for downward departure.  The Court sentenced Petitioner to one hundred fifty-one (151) months.  Petitioner timely appealed.  In October of 2004, Petitioner's appeal was dismissed by the United States Court of Appeals for the Third Circuit for lack of appellate jurisdiction.

On June 14, 2005, Petitioner filed the instant section 2255 petition.  Petitioner appended a memorandum of law to his petition.  This petition is now ripe for disposition.

**DISCUSSION**

I.  **Habeas Relief under 28 U.S.C. § 2255**

  A.  **Legal Standard**

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts instructs that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  In such instances, an evidentiary hearing is not required. *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985).

"Habeas relief pursuant to § 2255 is available to 'prisoner[s] in custody under sentence of a court established by Act of Congress' when (1) the sentence was imposed in violation of the Constitution or the laws of the United States, (2) the court did not have jurisdiction to impose the sentence, (3) the sentence was greater than the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Colon*, No. CRIM. 102-0261-04, 2005 WL 1138391, at *2 (M.D. Pa. Apr. 25, 2005) (Rambo, J.) (citing 28 U.S.C. § 2255).  "If the reviewing court determines that any of these errors tainted the sentence imposed, the court must vacate and set aside the judgment." *Id.*

"The relief afforded by § 2255 is reserved for extraordinary situations." *Id.* (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)).  The remedy is intended only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

**B.     Analysis**

Petitioner argues that his section 2255 motion should be granted because: (1) his sentence violates due process because a jury did not find beyond a reasonable doubt the facts, namely his two (2) prior convictions, that enhanced his sentence; (2) he is actually innocent of the sentence imposed; (3) the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), "brings new light to Petitioner's issues;" (4) his sentence was unconstitutionally enhanced by the Court based on his prior convictions; (5) the Court improperly ignored the qualitative nature of his prior convictions which resulted in the exaggerated sentencing of Petitioner; and (6) the Court lacked jurisdiction to sentence Petitioner.  The Court rejects each of Petitioner's arguments.

### 1.     *United States v. Booker*, 543 U.S. 220 (2005)

Petitioner's first, third, fourth and fifth arguments all rely, in essence, on the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), in which the Court held that mandatory enhancement of a sentence under the guidelines, based on facts found by the court alone, violates the Sixth Amendment.  However, in *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that the rule of law announced in *Booker* does not apply retroactively to cases on collateral review.  Specifically, the appellate court held that *Booker* does not apply retroactively to motions under section 2255 where the judgment was final as of January 12, 2005.  Here, Petitioner's judgment was final in October of 2004, when the Court of Appeals dismissed his appeal.  Accordingly, there is no basis for relief on these grounds.

### 2. Actual Innocence of Sentence Imposed

The Court notes at the outset that Petitioner does not appear to argue that he is actually innocent of the underlying conduct for which he was convicted. Rather, he argues that he is "actually innocent" of the sentence imposed upon him because his sentence was enhanced by factors which were not determined by a jury, namely his prior convictions. Actual innocence is not a constitutional claim itself, but a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara v. Collins*, 506 U.S. 390, 404 (1993). Actual innocence constitutes an "extraordinary instance[ ] when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleksy v. Zant*, 499 U.S. 467, 494 (1991). Importantly, actual innocence is a claim of "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Hull v. Freeman*, 991 F.2d 86, 91 n. 3 (3d Cir. 1993).

Petitioner's argument that he is actually innocent of the sentence imposed upon him has no merit. Petitioner does not argue nor has presented any evidence that he is actually innocent of the underlying crimes which formed the basis of his sentencing enhancements. Rather, Petitioner merely claims that the enhancements should have been determined by a jury. Therefore, Petitioner's argument is merely one of legal insufficiency, not factual innocence. Accordingly, this argument is rejected.

### 3. Jurisdiction

Petitioner's jurisdictional argument fails as well. Even assuming that the government's indictment were defective, a defective indictment does not deprive a court

of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630 (2002).  Consequently, Petitioner's claim that the Court lacked jurisdiction to sentence him is rejected.

### C.     Conclusion

Accordingly, the Court will dismiss Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 90.)

## II.     Certificate of Appealability under 28 U.S.C. § 2253(c)(2)

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate of appealability should be issued if the petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), to justify the issuance of a certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims is debatable or wrong as Petitioner's arguments are patently meritless.  Consequently, the Court will decline to issue a certificate of appealability.

**CONCLUSION**

For the reasons stated above, the Court will dismiss Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 90.)  In addition, a certificate of appealability will be denied as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

An appropriate Order follows.


| | |
|---|---|
| May 15, 2007<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PHITSAMY SENESOUCK,

    Petitioner

        v.

UNITED STATES OF AMERICA,

    Respondent.

NO. 3:02-CR-0103

(JUDGE CAPUTO)

**ORDER**

    **NOW**, this ___15th___ day of May, 2007, **IT IS HEREBY ORDERED** that:

(1)     Petitioner Phitsamy Senesouck's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 90) is **DISMISSED**.

(2)     A Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2) is **DENIED**.

                                            /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge